UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ERWIN JACKSON,

                     Petitioner,                                MEMORANDUM AND ORDER

                                                        15-CV-177 (RPK)

             -against-

ARTHUR LEONARDO,
*Superintendent of Great Meadow*
*Correctional Facility*,

                       Respondent.

-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

     Petitioner Erwin Jackson, proceeding *pro se*, filed a Petition for a Writ of Error Coram Nobis alleging that after the Second Circuit granted a writ of habeas corpus concerning his 1985 firearm conviction, the district court failed to dispose of his case as directed by the court of appeals. For the reasons set forth below, the petition is DENIED.

## BACKGROUND

     In 1984, petitioner and an accomplice committed an armed robbery of a jewelry store in Syosset, New York. A Nassau County grand jury returned Indictment No. 58630, which charged petitioner with one count of first-degree robbery and one count of first-degree criminal use of a firearm, in violation of New York law. Petitioner was convicted of both crimes in 1985 and sentenced to concurrent, indeterminate terms of imprisonment of ten to twenty years. The convictions were affirmed on appeal. *People v. Jackson*, 145 A.D.2d 646 (2d Dep't 1998).

     In 1993, petitioner filed a petition for a writ of habeas corpus. He argued that his convictions on the robbery and firearm counts punished him twice for the same conduct in

violation of the Fifth Amendment's Double Jeopardy Clause and that he had received ineffective assistance of counsel on appeal, among other claims. The district court denied the petition. *Jackson v. Leonardo*, 93-CV-360 (JM) (E.D.N.Y. Oct. 8, 1996), Dkt. No. 20. But the Second Circuit found that petitioner's appellate counsel had been ineffective for failing to raise a meritorious double-jeopardy claim. *Jackson v. Leonardo*, 162 F.3d 81, 84-86 (2d Cir. 1998). The court found that petitioner might suffer prejudice if the "double conviction" were left in place. *Id.* at 86. Accordingly, it held that petitioner's firearm conviction "must be removed from his record." *Id.* at 87. Having explained the relief that petitioner was entitled to receive, the court declared that "[t]he judgment of the district court is reversed and the case is remanded the to the district court with instructions to grant petitioner's writ." *Id.* at 86-87.

On remand, the district court ordered that petitioner's firearm conviction be vacated, and it directed the state trial court to resentence petitioner solely on the robbery count. *See* Petition for a Writ of Error Coram Nobis ("Petition") at Ex. A, Dkt. No. 1. Petitioner did not appeal from that order. The Nassau County Court then vacated petitioner's firearm conviction. *See* Respondent's Affidavit & Memorandum of Law in Opposition to Coram Nobis Petition ("Aff. & Mem. in Opposition") at Ex. 1, Dkt. No. 13. Petitioner was resentenced on the robbery count to an indeterminate term of ten to twenty years of imprisonment, to run concurrently with his sentence for an earlier, unrelated robbery. *See id.* at Ex. 3.[*] Petitioner did not appeal from the state judgment following sentencing, either. He was paroled in 2002. Aff. & Mem. in Opposition ¶ 18.

---

[*] This disposition was modified several times due to intervening changes in state law. A resentencing order was issued on June 27, 2006, reflecting the final sentence imposed on this conviction. *See* Aff. & Mem. in Opposition at Ex. 3.

In 2005, petitioner was charged in Nassau County Indictment No. 2826N/05 with new armed robberies. He was ultimately convicted of nine counts of first-degree robbery and one count of criminal conspiracy contained in that indictment.

While the charges arising from the new robberies were pending, *see* Report & Recommendation ("R&R") at 5, *Jackson v. Leonardo*, 06-CV-777 (MKB) (AKT) (E.D.N.Y. July 27, 2012), Dkt. No. 15, petitioner filed a second habeas petition in which he contended that the State had not actually expunged the 1985 firearm conviction from his criminal record as the Second Circuit had directed, *see* Pet. at 2, *Jackson v. Leonardo*, 06-CV-777 (MKB) (AKT), Dkt. No. 1. Petitioner asserted that the continued presence of the conviction on his criminal record was prejudicing him. *Id.* at 6-8. He asked to be discharged from confinement due to the State's failure to fully comply with the Second Circuit's mandate. R&R at 7. In response, the State conceded that petitioner's firearm conviction had not initially been "fully expunged" from the criminal record maintained by the New York State Division of Criminal Justice Services – the New York State Information Sheet ("NYSIS"). Affidavit in Opposition to Petition for Writ of Habeas Corpus at 6, *Jackson v. Leonardo*, 06-CV-777 (MKB) (AKT), Dkt. No. 7 (stating that "only the resentencing on the robbery was reflected in the criminal history maintained by the New York State Division of Criminal Justice Services" and that therefore petitioner's conviction for criminal use of a firearm was not fully expunged from that record). The State advised the court that petitioner's NYSIS record—commonly known as a "rap sheet"—had since been amended and "no longer reflect[ed] a conviction on the firearm conviction under Indictment 58630." *Ibid*. The State attached petitioner's corrected NYSIS record. *Ibid.* A magistrate judge recommended that the habeas petition be denied after determining that petitioner had not shown prejudice from the State's initial failure to fully expunge the firearm conviction. *See* R&R at 15. The district court adopted

the R&R and denied the petition.  *See Jackson v. Leonardo*, 06-CV-777, 2012 WL 4173700, at *1 (E.D.N.Y. Sept. 18, 2012).

In 2014, petitioner filed this petition for a writ of error coram nobis.  He argues that the district court's 1998 order on remand from the Second Circuit was "totally incorrect and cannot be lawfully enforced."  *See* Petition ¶ 9.  Specifically, petitioner argues that the Second Circuit directed the district court to "grant the writ [of habeas corpus]" and that the district court "lacked discretion to decide the matter to the contrary."  *Id.* at ¶ 11.  He suggests that the district court failed to issue the writ of habeas corpus in 1998 because it ordered the state trial court to resentence petitioner on the robbery count.  *See* Petitioner's Reply to Respondent's Opposing Affidavit ("Reply") ¶ 13, Dkt. No. 14.  Petitioner seeks an order "directing the state to dismiss the entire criminal indictment."  *Id.* at 16.  In his reply brief, petitioner also asserts that, contrary to the Second Circuit's mandate, his vacated firearm conviction "remains in full force and is still on petitioner's criminal records."  *Id.* at ¶ 23.

## DISCUSSION

"To obtain coram nobis relief, a petitioner 'must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'"  *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam)).  Such relief is "strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid."  *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks and ellipses omitted).  In reviewing a coram nobis petition, this Court presumes that the proceedings were correct, and the burden of

demonstrating otherwise is on the petitioner.  *Nicks v. United States*, 955 F.2d 161, 167 (2d Cir. 1992).

1. Compliance with the Second Circuit's Mandate

Petitioner principally contends that the district court failed to dispose of Indictment 58630 as directed by the court of appeals.  He has shown neither sound reasons for his failure to seek earlier relief on this claim nor circumstances compelling issuance of the writ to achieve justice.

A. Unjustified Delay

Petitioner has not shown sound reasons for failing to raise this challenge before this petition.  The Second Circuit issued its decision on petitioner's 1993 habeas petition in 1998.  The district court order on remand to which petitioner now objects was also issued in 1998—that is, more than 15 years before petitioner filed this challenge. *Jackson v. Leonardo*, 93-CV-360 (JM) (E.D.N.Y. Dec. 10, 1998), Dkt. No. 37.  Courts have found far shorter delays warranted the dismissal of petitions for coram nobis relief when such delays were not adequately justified.  *See, e.g.*, *United States v. Sash*, 374 F. App'x 198, 199-200 (2d Cir. 2010) (four years); *Rodriguez v. United States,* No. 98-CR-764, 2012 WL 6082477, at *10 (S.D.N.Y. Dec. 4, 2012) (more than two years); *Ejekwu v. United States*, No. 02-CV-699, 2005 WL 3050286, at *3 (E.D.N.Y. Nov. 14, 2005) (more than two years); *Mastrogiacomo v. United States*, No. 90-CR-565, 2001 WL 799741, at *2 (S.D.N.Y. July 16, 2001) (three years).

Petitioner has not adequately justified his more-than-15-year delay.  He does not dispute that he knew all the facts relevant to his current claim when the district court's 1998 order was issued.  *See Foont*, 93 F.3d at 80 (affirming dismissal in part because petitioner "knew or should have known . . . all of the facts underlying his current claim" for many years).  While petitioner asserts that he only developed his current legal argument through "independent research years

5

later," Reply ¶ 14; *see id.* at ¶ 13, he does not offer any basis to conclude that he acted with reasonable diligence in researching or developing possible challenges during the 15 years since the 1998 order was issued, see *Foont*, 93 F.3d at 80-81 (explaining that "reasonable diligence" must "be required in order that litigation may one day end") (quoting *Honeycutt v. Ward*, 612 F.3d 36, 42 (2d Cir. 1979), *cert. denied*, 446 U.S. 985 (1980)).  That failure is fatal to petitioner's challenge.  *See Nicks*, 955 F.2d at 167-68 ("If the district court decides that there was not sufficient justification for [the petitioner's] failure to seek relief at an earlier time, the writ is unavailable and [the] petition for *coram nobis* should be dismissed.").

B.  No Circumstances Exist Compelling Issuance of the Writ to Achieve Justice

Petitioner is also not entitled to a writ of coram nobis because he has not shown any error in the 1998 district court order addressing Indictment 58630.  Petitioner argues that the order vacating his firearm conviction and directing the state trial court to resentence him solely on the outstanding robbery charge "[did] not constitute the granting of the writ as mandated by the Court of Appeals."  Reply ¶ 6; *see* Petition ¶¶ 9, 11-13; Reply ¶¶ 7, 9-14, 22.  While petitioner does not directly explain what he believes the district court was required to do, he suggests that "granting of the writ" would require vacating the entirety of Indictment 58630, including the robbery charge. *See, e.g.*, Reply at 16 ("[T]he writ should be unconditionally granted directing the state to dismiss the entire criminal indictment").  In support of that conclusion, petitioner argues that federal courts are without jurisdiction to review state court judgments and, in the context of a habeas proceeding, may only order the release of the petitioner from state custody.  *See id.* at ¶ 7.

Petitioner misapprehends the nature of habeas relief and misunderstands the Second Circuit's order.  Granting a writ of habeas corpus does not always involve releasing a prisoner or vacating all charges against him.  The writ "derives from broad equitable principles which, while

6

aimed at securing release, provide courts with flexibility to use other forms of relief as justice requires." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 355 (S.D.N.Y. 2019) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968)). Indeed, the modern habeas statute affords federal judges substantial latitude in fashioning habeas relief, requiring only that they "dispose of the matter as law and justice require." 28 U.S.C. § 2243; *see Wilkinson v. Dotson*, 544 U.S. 74, 85 (2005) (Scalia, J., concurring) ("We have interpreted this broader remedial language to permit relief short of release."); *see also Peyton v. Rowe*, 391 U.S. 54, 66 (1968) ("[T]he statute does not deny the federal courts power to fashion appropriate relief other than immediate release."). Habeas relief may therefore include vacating some of a petitioner's convictions and resentencing him on others. *See United States v. Triestman*, 178 F.3d 624, 628-30 (2d Cir. 1999) (holding that the district court's authority under § 2243 to "dispose of the matter as law and justice require" includes "the power to resentence [a habeas petitioner] to the overall term that he would have received" absent his unlawful conviction). A court may also direct a state trial court to carry out the resentencing. *See, e.g.*, *Somerville v. Hunt*, 695 F.3d 218 (2d Cir. 2012).

Here, the Second Circuit's 1998 decision granting the writ is not properly understood as requiring any relief beyond that which the district court provided. That is clear when the court of appeals' mandate is read in the context of its opinion. *See Meacham v. Knolls Atomic Power Lab.*, 358 Fed. App'x 233, 235 (2d Cir. 2009) ("[W]e must always look to the opinion to interpret the mandate.") (quoting *FTC v. Standard Educ. Soc'y*, 148 F.2d 931, 932 (2d Cir. 1945) (internal quotation marks omitted)). Immediately before directing the district court to "grant petitioner's writ," the court of appeals wrote that "[s]ince Jackson may suffer tangible prejudice from the existence of the additional, and improper, conviction on his New York criminal record, we hold that Jackson's firearm conviction must be removed from his record." *Jackson*, 162 F.3d at 86-87.

The court of appeals thus required that only petitioner's firearm conviction be removed from his criminal record, not his robbery conviction. An accompanying footnote confirms that the court was vacating petitioner's firearm conviction *rather than* the robbery conviction. *Id.* at 87 n.13 ("Jackson attacks his firearm conviction and the State does not challenge that choice. Accordingly, it is the firearm conviction that would be removed from his record and we do not reach the question of how we would decide *which conviction should be removed* if the issue were contested.") (emphasis added). Because petitioner has shown no error in the district court's order implementing the Second Circuit mandate, petitioner has failed to show that a writ of error coram nobis must be issued to achieve justice. *See Mandanici*, 205 F.3d at 524.

    2.  <u>The Expungement of Petitioner's Firearm Conviction</u>

In his reply brief, petitioner suggests that a writ of coram nobis should be granted because his 1985 firearm conviction remains on his criminal record and has not been expunged. Reply ¶¶ 21-33. Courts typically "will not consider an argument raised for the first time in a reply brief." *United States v. Yousef*, 327 F.3d 56, 116 (2d Cir. 2003) (citations omitted). In any event, petitioner has not met his burden of showing an error warranting correction with respect to this claim. He puts forward no evidence that the 1985 firearm conviction remains on his criminal record. And indeed, there is evidence to the contrary. The district court ordered that the firearm conviction be vacated, *Jackson v. Leonardo*, 93-CV-360 (JM) (E.D.N.Y. Dec. 10, 1998), the Nassau County Court issued its own order noting that it was "required to vacate" the firearm conviction and directing the Clerk of Court "to file an Amended Certificate of Conviction and Judgment," *see* Aff. & Mem. in Opposition at Ex. 1, and state court records reflect that petitioner was resentenced solely on the basis of his 1985 robbery conviction, *id.* at Ex. 3. While the firearm conviction was evidently not removed from petitioner's NYSIS record immediately, an exhibit in

petitioner's 2006 habeas case indicates that the conviction was subsequently expunged from that record.  *See* Affidavit in Opposition to Petition for Writ of Habeas Corpus at Ex. 9, *Jackson v. Leonardo*, 06-CV-777 (MKB), Dkt. No. 16-1.  Insofar as petitioner suggests that the firearm conviction has not truly been expunged because it is still referenced in "rulings," "court decision[s]" and other "documents" and "records," Reply ¶ 25, petitioner's contention lacks merit. The Second Circuit's instruction that petitioner's conviction be struck from his "New York criminal record," 162 F.3d at 87, is most naturally understood as requiring correction of the official records of petitioner's convictions, not as requiring redactions in other documents, such as court decisions, *see, e.g.*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "criminal record" as "[a]n official record kept by the police of any crimes a person has committed").

CONCLUSION

For the reasons set forth above, the Petition for a Writ of Error Coram Nobis is denied.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated:      Brooklyn, New York
            April 15, 2020